FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2012 MAR 30  AM 10: 42

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DOMINIC N. APPLEGATE; CHARLES W. BAINES, JR.; and RYBA ENTERPRISES,<br><br>    Plaintiffs and Counter-Defendants,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORP., as receiver of the business and property of Darby Bank & Trust Co., and DARBY BANK & TRUST CO.,<br><br>    Defendants.<br><br>AMERIS BANK, as assignee of the Federal Deposit Insurance Corporation, as receiver of the business and property of Darby Bank and Trust Co.<br><br>    Counterclaimant. | CASE NO. CV410-302 |

## O R D E R

Before the Court is Plaintiff Dominic Applegate, Charles Baines, and Ryba Enterprises's Motion for Reconsideration. (Doc. 17.) For the following reasons, Plaintiffs' motion is **GRANTED** and this case is **REMANDED** to the State Court of Chatham County. The Clerk of Court is **DIRECTED** to **DISMISS** any pending motions and close this case.

## BACKGROUND

This case arises from a dispute over alleged lending commitments made by Defendant Darby Bank and Trust Company ("DBT"). Plaintiffs have asserted state law claims for negligent/intentional misrepresentation, breach of contract, detrimental reliance, tortuous interference with business and/or contractual relations, and attorneys' fees and expenses.[1] (Doc. 6, Attach. 1.) As a factual basis for recovery on these counts, Plaintiffs claim that Defendant DBT agreed to extend construction or development loans to Plaintiffs for certain properties Plaintiffs had acquired. (Doc. 6, Attach. 1. ¶¶ 5-12.) Plaintiffs allege that Defendant DBT refused to fulfill those promises, later interfering with Plaintiffs' attempts to sell the properties. (Id.)

On July 19, 2010, Plaintiffs filed their complaint in the State Court of Chatham County, naming Defendant DBT as the sole defendant. (Doc. 6, Attach. 1.) On November 12, 2010, Defendant DBT was closed by the Georgia Department of Banking and Finance, who appointed Defendant Federal Deposit Insurance Corporation as receiver of the business

---

[1] Counterclaimant Ameris Bank, who purchased the assets of Defendant DBT, has brought claims against Plaintiffs to recover on the promissory notes and personal guarantees executed in connection with the loans. (Doc. 27 at 2.)

and property of Darby Bank & Trust Co. ("FDIC-R"). Afterwards, Defendant FDIC-R filed a Notice of Substitution and a Notice of Removal. (Doc. 1.)

On April 22, 2011, this Court denied Plaintiffs' Motion to Remand. (Doc. 16.) In this motion, Plaintiffs argued that the case should be remanded because the state-law exception to federal jurisdiction contained in the Financial Reform, Recovery, and Enforcement Act ("FIRREA"), 12 U.S.C. § 1819(b)(2)(A), was inapplicable to their claims. (Doc. 6 at 2-4.) This Court disagreed, concluding that federal jurisdiction was proper because Plaintiffs had failed to establish the third prong of the state-law exception—that resolution of Plaintiffs' claims only required interpretation of state law. (Doc. 16 at 6.) On that basis, the Court denied Plaintiffs' Motion to Remand. (Id.)

Plaintiffs have now filed a Motion for Reconsideration from this Court's order denying remand. (Doc. 17.) In this motion, Plaintiffs argue that this Court lacks subject matter jurisdiction because Defendant "FDIC-R" was not properly substituted for Defendant DBT prior to removal. In response, Defendant FDIC-R contends that the removal defect was merely procedural. (Doc. 18 at 2.) It reasons, therefore, that Plaintiffs have waived their right to

remand because they failed to identify the defect and request remand within thirty days of removal. (Id. at 2-9.)

## ANALYSIS

In general terms, federal courts are courts of limited jurisdiction: they may only hear cases that they have been authorized to hear by the Constitution or Congress. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). For cases first filed in state court, a defendant may remove the matter to federal court only if the original case could have been brought in federal court. 28 U.S.C. § 1441(a). Conversely, if no basis for subject matter jurisdiction exists, a party may move at any time to remand the case back to state court. See 28 U.S.C. § 1447(c). When a case originally filed in state court is removed by the defendant, it is the defendant's burden to prove that federal subject matter jurisdiction exists. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). All doubts about federal jurisdiction should be resolved in favor of a remand to state court. Burns v. Windsor Ins. Co., 21 F.3d 1092, 1095 (11th Cir. 1994).

However, these general principles are modified by statute and case law in an action where jurisdiction exists because the Federal Deposit Insurance Corporation ("FDIC")

4

is a party. For example, the burden of proving a lack of federal jurisdiction in this action rests on the plaintiff opposing removal and not the FDIC. Castleberry v. Goldome Credit Corp., 408 F.3d 773, 785 (11th Cir. 2005) (placing the burden on the party seeking to defeat removal). Further, once the FDIC appropriately removes, a presumption arises the that removal of the case was proper. Lazuka v. Fed. Deposit Ins. Corp., 931 F.2d 1530, 1535 (11th Cir. 1991) (superseded on other grounds by 12 U.S.C. § 1819(b)) ("We interpret this section creating a rebuttable presumption of federal jurisdiction. Therefore, absent some showing of an exception, according to section 1819(b)(2)(B) the FDIC may remove a case to federal district court.").

The Court previously determined that it had subject matter jurisdiction over this matter because the state-law exception is inapplicable to this case. (Doc. 16.) The Court did not assess at that time, because Plaintiffs did not raise, whether the case was properly removed from state court. Dispositive to Plaintiffs' request is whether the failure to properly substitute Defendant FDIC-R prior to removal deprives this Court of subject matter jurisdiction, or was simply a procedural defect, which must be raised by the party seeking remand within thirty days of removal. See 28 U.S.C. 1447(c) ("A motion to remand the case on the

basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

It is somewhat unclear whether the failure to properly substitute the FDIC prior to removal is a procedural or substantive defect. Indeed, it appears that no Federal Court of Appeals has yet to consider the issue. In Branch v. Tifton Banking Co., 2011 WL 2939406 (M.D. Ga. July 19, 2011) (unpublished), the court concluded that the failure to properly substitute the FDIC prior to removal was not a procedural defect, but rather one that deprived the court of subject matter jurisdiction. There, the court relied on the plain language of § 1819(b)(2), reasoning that the case is not one that arises under the laws of the United States until the FDIC has been properly substituted as a party. Id. at *2-*3. After careful consideration, this Court is persuaded by the reasoning in Branch.

It is important, in this case, to focus on this Court's jurisdiction at the time of removal. When this case was removed, Defendant FDIC-R had not been properly substituted as a party in the state case. Defendant FDIC-R

spills much ink arguing that no formal court order of substitution is required. (Doc. 18 at 3-9.) That position, however, ignores the plain language of the statute authorizing removal, which provides that the FDIC may "remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the Corporation <u>or the Corporation is substituted as a party</u>." 12 U.S.C. § 1819(b)(2)(B) (emphasis added). Defendant FDIC-R bases its removal in this case on the latter portion of the statute.

Under the Georgia Civil Practice Act, a party is not substituted in a case unless and until the state court enters an order resulting in the substitution of an entity as a party in a case. <u>See</u> O.C.G.A. § 9-11-25(c) ("In case of any transfer of interest, the action may be continued by or against the original party unless the court, upon motion, directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."). No such order was entered in this case in state court prior to its removal, so the FDIC was not "<u>substituted as a party</u>" as required. <u>See</u> 12 U.S.C. § 1819(b)(2)(B) (emphasis added).

7

Although no Eleventh Circuit decision has directly answered this question, the principles in Castleberry, 408 F.3d 773, provide ample guidance. In that case, the Court noted that it "must look to the Federal Rules of Civil Procedure to determine whether [a party] filed an action against the FDIC under § 1819." Id. at 783-84. Even looking to those federal rules, a court order was still required to substitute the FDIC as a party in this action. See Fed. R. Civ. P. 25(c). Therefore, neither the state nor federal procedural rule provide for automatic substitution of a party absent a court order. Because neither the state nor federal rule allows for an automatic substitution without a court order upon a transfer of interest, Defendant FDIC has not been substituted as a party as required by the statute. See Vision Bank v. Bama Bayou, LLC, 1022 U.S. Dist. LEXIS 14237, at *5 (S.D. Ala. Feb. 14, 2011) (unpublished); see also Minker v. Wash. Mut. Bank, N.A., 2010 WL 376964, at *3 (D. Ariz. Jan 25, 2010) (unpublished) ("Defendants do not explain how succeeding to rights and privileges necessarily inserts the FDIC as a party in a lawsuit."); J.E. Dunn Nw., Inc. v. Salpare Bay, LLC, 2009 WL 3571354 (D. Or. Oct. 26, 2009) (unpublished). As a result, Defendant FDIC-R's removal was premature and defective.

Armed with the conclusion that Defendant FDIC-R was not properly added to this case prior to removal, it is difficult to conclude that this error was merely procedural. A defect in removal is only procedural where the underlying case is one that could have originally been brought in federal court. <u>Corporate Mgmt. Advisors v. Artjen Complexus, Inc.</u>, 561 F.3d 1294, 1297 (11th Cir. 2009). The plain language of § 1819(b)(2) confers federal jurisdiction by deeming cases where the FDIC is a party arise under the laws of the United States. 12 U.S.C. § 1819. In other words, federal courts lack jurisdiction unless and until the FDIC has been properly substituted as a party.

In this case, however, there was no order in place at the time of removal that substituted Defendant FDIC-R for Defendant DBT, meaning that the case was not one that arose under the laws of the United States. As a result, the defect cannot be procedural because the failure to properly substitute Defendant FDIC-R in this case means that it was not one that could have originally been brought in federal court. Rather, the defect affects this Court's subject matter jurisdiction and is not one that must be raised within thirty days of removal. Based on this Court's lack of subject matter jurisdiction to entertain this case, it

must be remanded to state court. Accordingly, Plaintiffs' Motion for Reconsideration is **GRANTED** and this case is **REMANDED** to the State Court of Chatham County.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration (Doc. 17) is **GRANTED** and this case is **REMANDED** to the State Court of Chatham County. The Clerk of Court is **DIRECTED** to **DISMISS** any pending motions and close this case.

SO ORDERED this 30th day of March 2012.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA